# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LOTTE CHEMICAL TITAN (M) SENDIRIAN BERHAD, | § § § | |
| Plaintiff, | § § | C.A. NO. 4:14-cv-01116 |
| vs. | § § § | |
| WARREN WILDER, | § § § | |
| Defendant. | § § | |

## DECLARATION OF ANDREW C. SCHIRRMEISTER III

I, Andrew C. Schirrmeister III, declare as follows:

1.      My name is Andrew C. Schirrmeister III.  I am over 21 years of age, and fully competent and qualified to make this declaration.  I am counsel of record and attorney-in-charge for Warren Wilder in Cause No. 4:13-cv-01277; *Warren Wilder v. Titan Chemical Corp. BHD., et al.*; in the United States District Court for the Southern District of Texas, Houston Division. That case is pending in Judge Hoyt's court.

2.      Attached to this Declaration as Exhibit 1A is a true and correct copy of the docket sheet in Cause No. 4:13-cv-01277 as of April 8, 2014.

3.      Attached to this Declaration as Exhibit 2A is a true and correct copy of Warren Wilder's complaint filed in Cause No. 4:13-cv-01277.

4.      Attached to this Declaration as Exhibit 3A is a true and correct copy of the defendants' answer filed in Cause No. 4:13-10277.

5.      Attached to this Declaration as Exhibit 4A is a true and correct copy of the docket sheet from the United States Court of Appeals for the Fifth Circuit related to the defendants' mandamus proceeding in Cause No. 4:13-cv-01277.

6.      Attached to this Declaration as Exhibit 5A is a true and correct copy of a September 24, 2013 letter addressed to and received by me from Phillip Dye, defendants' attorney-in-charge in Cause No. 4:13-cv-01277.  This document was attached as Exhibit D to Defendants' Motion for Reconsideration and Alternatively Certification filed in Cause No. 4:13-cv-01277.

7.      Attached to this Declaration as Exhibit 6A is a true and correct copy of a September 24, 2013 letter that I sent to Philip Dye responding to his letter described in paragraph 6 above.  This document was attached as Exhibit C to Defendants' Motion for Reconsideration and Alternatively Certification filed in Cause No. 4:13-cv-01277.

8.      Attached to this Declaration as Exhibit 7A is a true and correct copy of excerpts from Defendants' Motion for Reconsideration and Alternatively Certification filed in Cause No. 4:13-cv-01277 as Docket Number 33.

9.      Attached to this Declaration as Exhibit 8A is a true and correct copy of excerpts from the transcript of Warren Wilder's March 28, 2014 deposition in Cause No. 4:13-cv-01277.

I declare under penalty of perjury that the foregoing is true and correct.


_Andrew C. Schirmeister_
Andrew C. Schirrmeister III

Executed on this date: _April 23, 2014_

2

# Exhibit 1A

# Schirrmeister Declaration

{}

STAYED

# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Houston)
## CIVIL DOCKET FOR CASE #: 4:13-cv-01277

Wilder v. Titan Chemical Corp. BHD et al
Assigned to: Judge Kenneth M. Hoyt
Cause: 28:1330 Breach of Contract

Date Filed: 05/02/2013
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**Warren Wilder**                     represented by **Andrew C Schirrmeister , III**
Schirrmeister Diaz-Arrastia et al
700 Milam
10th Flr
Houston, TX 77002
713-221-2500
Fax: 713-228-3510
Email: acs@sdablaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Titan Chemical Corp. BHD**          represented by **Phillip B Dye , Jr**
Vinson & Elkins
1001 Fannin St
Ste 2300
Houston, TX 77002-6760
713-758-2048
Fax: 713-615-5766
Email: pdye@velaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tracey Roark Keegan**
Vinson Elkins
2300 First City Tower
1001 Fannin St
Houston, TX 77002
713-758-2074
Fax: 713-615-5156
Email: tkeegan@velaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Titan Petchem (M) SDN BHD**         represented by **Phillip B Dye , Jr**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tracey Roark Keegan**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/02/2013 | 1 | COMPLAINT against Titan Chemical Corp. BHD, Titan Petchem (M) SDN BHD (Filing fee $ 400 receipt number 0541-11364377) filed by Warren Wilder.(Schirrmeister, Andrew) (Entered: 05/02/2013) |
| 05/03/2013 | 2 | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 8/26/2013 at 01:30 PM in Courtroom 9F before Judge Nancy F. Atlas(Signed by Judge Nancy F. Atlas) Parties notified. (wbostic) (Entered: 05/03/2013) |
| 05/13/2013 | 3 | CERTIFICATE OF INTERESTED PARTIES by Warren Wilder, filed. (Schirrmeister, Andrew) (Entered: 05/13/2013) |
| 05/13/2013 | 4 | Request for Issuance of Summons as to Titan Chemical Corp. BHD, filed. (Schirrmeister, Andrew) (Entered: 05/13/2013) |
| 05/13/2013 | 5 | Request for Issuance of Summons as to Titan Petchem (M) SDN BHD, filed. (Schirrmeister, Andrew) (Entered: 05/13/2013) |
| 05/15/2013 | | Summons Issued as to Titan Chemical Corp. BHD, Titan Petchem (M) SDN BHD, filed.(jdav, ) (Entered: 05/15/2013) |
| 05/15/2013 | | Documents Sent by regular mail to Andrew C. Schirrmeister III re: Summons Issued, filed. (jdav, ) (Entered: 05/15/2013) |
| 08/14/2013 | 6 | First JOINT DISCOVERY/CASE MANAGEMENT PLAN by Warren Wilder, filed.(Schirrmeister, Andrew) (Entered: 08/14/2013) |
| 08/21/2013 | 7 | NOTICE of Resetting. Parties notified. Initial Conference set for 9/4/2013 at 01:00 PM in Courtroom 9F before Judge Nancy F. Atlas, filed. (sashabranner, ) (Entered: 08/21/2013) |
| 08/22/2013 | 8 | MOTION to Dismiss *For Improper Forum and Forum Non Conveniens and Memorandum of Authorities* by Titan Chemical Corp. BHD, Titan Petchem (M) SDN BHD, filed. Motion Docket Date 9/12/2013. (Attachments: # 1 Appendix, # 2 Exhibit 1, # 3 Proposed Order)(Dye, Phillip). (Entered: 08/22/2013) |
| 08/22/2013 | 9 | Opposed MOTION to Stay *Discovery* by Titan Chemical Corp. BHD, Titan Petchem (M) SDN BHD, filed. Motion Docket Date 9/12/2013. (Attachments: # 1 Proposed Order)(Dye, Phillip) (Entered: 08/22/2013) |
| 08/22/2013 | 10 | CERTIFICATE OF INTERESTED PARTIES by Titan Chemical Corp. BHD, Titan Petchem (M) SDN BHD, filed.(Dye, Phillip) (Entered: 08/22/2013) |

| 08/22/2013 | 11 | RECUSAL ORDER. Judge Nancy F. Atlas recused. Deadlines in scheduling orders subsist. Court settings are vacated.(Signed by Judge Nancy F. Atlas) Parties notified.(sashabranner, ) (Entered: 08/22/2013) |
|---|---|---|
| 08/23/2013 | 12 | NOTICE of Reassignment. Case reassigned to Judge Ewing Werlein, Jr. Judge Nancy F. Atlas no longer assigned to the case. Parties notified, filed. (dhansen, ) (Entered: 08/23/2013) |
| 08/23/2013 | 13 | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 9/13/2013 at 04:15 PM in Room 11521 before Judge Ewing Werlein, Jr(Signed by Judge Ewing Werlein, Jr) Parties notified.(kcarr, ) (Entered: 08/23/2013) |
| 08/27/2013 | 14 | Unopposed MOTION for Continuance of Initial Pretrial and Scheduling Conference by Lotte Chemical Titan Holding Sdn. Bhd., Titan Chemical Corp. BHD, Titan Petchem (M) SDN BHD, filed. Motion Docket Date 9/17/2013. (Attachments: # 1 Proposed Order)(Dye, Phillip) (Entered: 08/27/2013) |
| 08/28/2013 | 15 | ORDER granting 14 Unopposed MOTION for Continuance of Initial Pretrial and Scheduling Conference (Initial Conference reset for 9/27/2013 at 03:00 PM in Room 11521 before Judge Ewing Werlein, Jr)Signed by Judge Ewing Werlein, Jr. Parties notified.(kcarr, ) (Entered: 08/28/2013) |
| 09/03/2013 | 16 | Amended CERTIFICATE OF INTERESTED PARTIES by Warren Wilder, filed.(Schirrmeister, Andrew) (Entered: 09/03/2013) |
| 09/03/2013 | 17 | Unopposed MOTION for Continuance of 9/27/13 Initial Pretrial and Scheduling Conference by Warren Wilder, filed. Motion Docket Date 9/24/2013. (Schirrmeister, Andrew) (Entered: 09/03/2013) |
| 09/05/2013 | 18 | ORDER granting 17 Motion for Continuance; Initial Conference reset for 10/11/2013 at 02:45 PM in Room 11521 before Judge Ewing Werlein, Jr. (Signed by Judge Ewing Werlein, Jr) Parties notified.(kcarr, 4) (Entered: 09/06/2013) |
| 09/10/2013 | 19 | RESPONSE to 8 MOTION to Dismiss *For Improper Forum and Forum Non Conveniens and Memorandum of Authorities* filed by Warren Wilder. (Schirrmeister, Andrew) (Entered: 09/10/2013) |
| 09/10/2013 | 20 | RESPONSE to 9 Opposed MOTION to Stay *Discovery* filed by Warren Wilder. (Schirrmeister, Andrew) (Entered: 09/10/2013) |
| 09/16/2013 | 21 | ORDER granting 9 Motion to Stay.(Signed by Magistrate Judge Frances H Stacy) Parties notified.(bwhite, 4) (Entered: 09/16/2013) |
| 09/17/2013 | 22 | Unopposed MOTION for Leave to File Reply to Plaintiff's Response to Moton to Dismiss by Titan Chemical Corp. BHD, Titan Petchem (M) SDN BHD, filed. Motion Docket Date 10/8/2013. (Attachments: # 1 Exhibit Defendants' Reply to Plaintiff's Response, # 2 Proposed Order Order Grantting Defendants Leave)(Dye, Phillip) (Entered: 09/17/2013) |
| 09/17/2013 | 23 | REPLY to Response to 8 MOTION to Dismiss *For Improper Forum and Forum Non Conveniens and Memorandum of Authorities*, filed by Titan Chemical Corp. BHD, Titan Petchem (M) SDN BHD. (Dye, Phillip) (Entered: |

| | | |
|---|---|---|
| | | 09/17/2013) |
| 09/18/2013 | 24 | ORDER granting 22 Motion for Leave to File Reply to Plaintiff's Response; Sur-reply due by 9/24/2013.(Signed by Judge Ewing Werlein, Jr) Parties notified.(kcarr, 4) (Entered: 09/18/2013) |
| 09/24/2013 | 25 | SURREPLY to 8 MOTION to Dismiss *For Improper Forum and Forum Non Conveniens and Memorandum of Authorities*, filed by Warren Wilder. (Schirrmeister, Andrew) (Entered: 09/24/2013) |
| 10/01/2013 | 26 | JOINT DISCOVERY/CASE MANAGEMENT PLAN by Warren Wilder, filed. (Schirrmeister, Andrew) (Entered: 10/01/2013) |
| 10/11/2013 | 27 | RECUSAL ORDER. Judge Ewing Werlein, Jr recused. Deadlines in scheduling orders subsist. Court settings are vacated. Rule 16 Conference terminated. (Signed by Judge Ewing Werlein, Jr) Parties notified.(kcarr, 4) (Entered: 10/11/2013) |
| 10/11/2013 | 28 | NOTICE of Reassignment. Case reassigned to Judge Kenneth M. Hoyt. Judge Ewing Werlein, Jr no longer assigned to the case. Parties notified. (kcarr, 4) (Entered: 10/11/2013) |
| 10/16/2013 | 29 | ORDER for Initial Pretrial and Scheduling Conference by Telephone and Order to Disclose Interested Persons. Counsel who filed or removed the action is responsible for placing the conference call and insuring that all parties are on the line. The call shall be placed to (713)250-5613. Telephone Conference set for 11/12/2013 at 08:45 AM by telephone before Judge Kenneth M. Hoyt. (Signed by Judge Kenneth M. Hoyt) Parties notified.(chorace) (Entered: 10/16/2013) |
| 11/13/2013 | 30 | ORDER FOLLOWING TELEPHONE SCHEDULING CONFERENCE held on November 12, 2013 at 8:45 a.m. Appearances: Andrew C. Schirrmeister, III, George Diaz-Arrastia, Phillip B. Dye, Jr., Edward Duffy. ETT: 5 days. Jury trial. Initial Disclosures due by 1/15/2014. Pltf Expert Witness List due by 1/31/2014. Pltf Expert Report due by 1/31/2014. Deft Expert Witness List due by 8/30/2014. Deft Expert Report due by 8/30/2014. Discovery due by 10/30/2014. Dispositive Motion Filing due by 10/30/2014. Initial Disclosures due by 1/15/2014. Docket Call set for 12/1/2014 at 11:30 AM in Courtroom 11A before Judge Kenneth M. Hoyt.(Signed by Judge Kenneth M. Hoyt) Parties notified.(chorace) (Entered: 11/13/2013) |
| 11/27/2013 | 31 | MEMORANDUM AND ORDER denying 8 MOTION to Dismiss *For Improper Forum and Forum Non Conveniens and Memorandum of Authorities*. (Signed by Judge Kenneth M. Hoyt) Parties notified.(chorace) (Entered: 11/27/2013) |
| 12/13/2013 | 32 | ANSWER to 1 Complaint by Titan Chemical Corp. BHD, Titan Petchem (M) SDN BHD, filed.(Keegan, Tracey) (Entered: 12/13/2013) |
| 12/26/2013 | 33 | MOTION for Reconsideration of 31 Memorandum and Order by Titan Chemical Corp. BHD, Titan Petchem (M) SDN BHD, filed. Motion Docket Date 1/16/2014. (Keegan, Tracey) (Entered: 12/26/2013) |
| 12/30/2013 | 34 | PROPOSED ORDER re: 33 MOTION for Reconsideration of 31 Memorandum |

| | | and Order, filed.(Keegan, Tracey) (Entered: 12/30/2013) |
|---|---|---|
| 12/30/2013 | 35 | PROPOSED ORDER re: 33 MOTION for Reconsideration of 31 Memorandum and Order, filed.(Keegan, Tracey) (Entered: 12/30/2013) |
| 01/10/2014 | 36 | CERTIFICATE of Conference re: 33 MOTION for Reconsideration of 31 Memorandum and Order by Lotte Chemical Titan (M) Sdn. Bhd., Lotte Chemical Titan Holding Sdn. Bhd., Titan Chemical Corp. BHD, Titan Petchem (M) SDN BHD, filed.(Dye, Phillip) (Entered: 01/10/2014) |
| 01/15/2014 | 37 | RESPONSE in Opposition to 33 MOTION for Reconsideration of 31 Memorandum and Order, filed by Warren Wilder. (Schirrmeister, Andrew) (Entered: 01/15/2014) |
| 01/24/2014 | 38 | REPLY in Support of 33 MOTION for Reconsideration of 31 Memorandum and Order, filed by Titan Chemical Corp. BHD, Titan Petchem (M) SDN BHD. (Keegan, Tracey) (Entered: 01/24/2014) |
| 01/28/2014 | 39 | ORDER denying 33 Motion for Reconsideration and Alternatively Certification.(Signed by Judge Kenneth M. Hoyt) Parties notified.(chorace) (Entered: 01/28/2014) |
| 02/03/2014 | 40 | PROPOSED ORDER *Stipulated Protective Order*, filed.(Keegan, Tracey) (Entered: 02/03/2014) |
| 02/04/2014 | 41 | STIPULATED PROTECTIVE ORDER (Signed by Judge Kenneth M. Hoyt) Parties notified.(gkelner, 4) (Entered: 02/05/2014) |
| 02/06/2014 | 42 | INITIAL DISCLOSURES by Titan Chemical Corp. BHD, Titan Petchem (M) SDN BHD, filed.(Keegan, Tracey) (Entered: 02/06/2014) |
| 03/10/2014 | 43 | RESPONSE OF WARREN WILDER IN OPPOSITION TO THE PETITION FOR WRIT OF MANDAMUS, filed by Warren Wilder. (sgonzalez, 5) (This is a courtesy copy for the Court) Modified on 3/11/2014 (chorace). (Entered: 03/11/2014) |
| 03/25/2014 | 44 | Order of USCA; USCA No. Petitioners' request to remand this case for application fo forum non conveniens analysis is DENIED. (Entered: 03/26/2014) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/08/2014 08:23:08 | | | |
| **PACER Login:** | sd0999 | **Client Code:** | 564.01 |
| **Description:** | Docket Report | **Search Criteria:** | 4:13-cv-01277 |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

# Exhibit 2A

# Schirrmeister Declaration

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WARREN WILDER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. _____ |
| | § | |
| TITAN CHEMICALS CORP. BHD. and | § | |
| TITAN PETCHEM (M) SDN. BHD., | § | |
| | § | |
| Defendants. | § | |

## **COMPLAINT**

Plaintiff Warren Wilder files this Complaint and would respectfully show the Court as follows:

## **PARTIES**

1.     Plaintiff Warren Wilder ("Mr. Wilder") is an individual who resides at 6645 Westchester Street, Houston, Texas 77005.

2.     Defendant Titan Chemicals Corp. Bhd. ("Titan Chemicals") is a Malaysian company with its registered office at 6th Floor, Bangunan Re, No. 17, Lorong Dungun, Damansara Heights, 50490 Kuala Lumpur, Malaysia.

3.     Defendant Titan Petchem (M) Sdn. Bhd., ("Titan Petchem") is a Malaysian company with its registered office at PLO 312, Jalen Tembaga 4, Pasir Gudang Industrial Estate, 81700 Pasir Gudang, Johor, Malaysia.

## **JURISDICTION**

4.     This Court has subject matter jurisdiction under 28 U.S.C. §1332(a)(2).  The amount in controversy exceeds $75,000, exclusive of interest and costs.

5.     This is a breach of contract case.  Under the terms of a contract between Titan Petchem and Warren Wilder, Mr. Wilder was employed as the Managing Director of Titan Chemicals.

6.     Titan Chemicals and Titan Petchem approached and solicited Mr. Wilder—a Texas resident—in Houston, Texas for employment as the Managing Director of Titan Chemicals in Malaysia.  Titan Chemicals, Titan Petchem and plaintiff Mr. Wilder conducted and completed employment negotiations for the employment agreement out of which this case arises in Houston, Texas.  Titan Chemicals and Titan Petchem purposefully availed themselves of the privilege of conducting business activity including employment negotiations in Texas with a Texas resident.

7.     Mr. Wilder was paid his salary and bonuses by Titan Petchem and/or Titan Chemical via electronic funds transfer into an account in Houston, Texas.  The employment agreement identifies Houston, Texas as the "Point of Origin" and contains terms regarding repatriation assistance at the Point of Origin.

8.     Long-arm jurisdiction exists under Texas law under Tex. Civ. Prac. & Rem. Code §17.042(1) & (3).  Titan Chemicals and Titan Petchem recruited Texas resident Mr. Wilder, directly or through an intermediary located in this state, for employment outside this state.  TEX. CIV. PRAC. & REM. CODE §17.042(3).  Part of the contract was performed in Texas, including the payment of Mr. Wilder's salary and bonuses to him in an account located in Houston, Texas. *See* TEX. CIV. PRAC. & REM. CODE §17.042(1).

## VENUE

9.     Venue is proper in the Southern District of Texas, Houston Division under 28 U.S.C. §§ 1391(a)(2), 1391(a)(3), and 1391(c).

## FACTS

2

10.     Titan Chemicals produces chemicals known as olefins (ethylene and propylene) and polyolefins (polyethylene and polypropylene).  It purports to be Malaysia's largest integrated producer of olefins and polyolefins and one of the largest polyolefins producers in Southeast Asia.

11.     Between approximately mid-March and mid-May 2008, a series of meetings occurred in Houston, Texas among Warren Wilder, James Chao, Albert Chao, and Donald Condon soliciting Mr. Wilder for employment as the Managing Director of Titan Chemicals and negotiating the terms of Mr. Wilder's employment with Titan Chemicals and Titan Petchem.  At the time of these negotiations, James Chao was the Executive Chairman of Titan Chemicals and employed by Titan Petchem; Albert Chao was a non-independent non-executive Director of Titan Chemicals and chairman of Titan Chemicals' Remuneration and Nomination Committee; Donald Condon was a non-independent non-executive Director of Titan Chemicals and served on Titan Chemicals' Remuneration and Nomination Committee.  At the time of the negotiations with Mr. Wilder, James Chao, Albert Chao, and Donald Condon owned homes, resided, and worked in Houston, Texas.

12.     Defendants' negotiations with Mr. Wilder began when James Chao approached Mr. Wilder on behalf of Titan Chemicals and Titan Petchem regarding Mr. Wilder's possible employment with the Titan organization.  James Chao and Mr. Wilder had a series of breakfast meetings at Andre's Café in Houston, Texas.  At one of these meetings, James Chao offered Mr. Wilder the job of Managing Director of Titan Chemicals and presented Mr. Wilder with a draft employment contract.  Negotiations over the terms of Mr. Wilder's employment continued in Houston, Texas among Mr. Wilder, James Chao, and Donald Condon.

13.     On or about July 10, 2008, Mr. Wilder entered into an employment agreement which was signed in Houston, Texas.    The agreement contained terms regarding the duration of Mr. Wilder's employment as well as Mr. Wilder's compensation and benefits.  Mr. Wilder was to be Managing Director of Titan Chemicals Corporation.  Under the terms of the agreement, his job duties included full responsibility for Titan Chemicals and its businesses throughout the region, the successful and profitable operation of Titan Chemicals as well as growth and market expansion, leading its 2,000-person organization, and continuing the successful and profitable operation of the Titan businesses.  The agreement also provided that, as Managing Director, Mr. Wilder also was a member of Titan Chemicals' Board of Directors.

14.     Under the agreement, Mr. Wilder was to "carry out his duties on behalf of any Group Company and act as a director or officer of any Group Company."  The agreement also provided that "[t]he Company may at its sole discretion transfer this Agreement to any Group Company at any time."

15.     Under the agreement, Mr. Wilder's compensation included, among other aspects of compensation, a specific annual salary amount and a performance-based annual short-term bonus payment.

16.     In 2010, Honam Petrochemical Corp. ("Honam") – a South Korean petrochemical company – entered into negotiations with Titan Chemicals and Titan Petchem to acquire controlling ownership of both companies.  In order to retain certain key employees, including Mr. Wilder, on or about July 15, 2010 Titan Chemicals and Titan Petchem modified the employment agreements of those key employees, including Mr. Wilder, to guarantee continuous employment with Titan Chemicals and/or Titan Petchem for at least 24 months at the then current salary and benefits.

4

17.     In or around November 2010, Honam completed its acquisition of the controlling ownership of Titan Chemicals Corp., including Titan Petchem**,** for a purchase price of approximately $1.4 billion.   Titan Chemicals continues to exist and conduct its business operations as a polymer and petrochemical manufacturer.   Titan Petchem also remains in existence.

18.     Titan Petchem and/or Titan Chemicals have failed to pay Mr. Wilder the short-term bonus payment due in accordance with the employment agreement.   Titan Petchem and/or Titan Chemicals also has failed to pay Mr. Wilder his salary, benefits and other compensation for at least 24 months, to which he is entitled under his employment agreement, totaling more than $1,000,000.

## CAUSES OF ACTION

## Breach of Contract

19.     Mr. Wilder realleges the foregoing paragraphs and incorporates the same herein by reference as if each were fully set out here verbatim.

20.     Mr. Wilder would show that Titan Petchem and Titan Chemicals breached their employment agreement with Mr. Wilder by failing to pay him certain compensation to which he was entitled.   Titan Chemicals' and/or Titan Petchem's breach is the direct, proximate, and producing cause of the economic damages to Mr. Wilder, together with prejudgment interest as authorized by law, and costs of court.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Warren Wilder respectfully requests the following relief:

a.      Judgment entered in favor of Warren Wilder and against Titan Chemical and Titan Petchem for compensation due and owing to him, pre- and post-judgment interest at the highest legal rate, all costs of court; and

b.    For any and all general, equitable, and special relief to which Plaintiff may
      show himself to be justly entitled.

Respectfully submitted,

SCHIRRMEISTER DIAZ-ARRASTIA BREM LLP

_____
Andrew C. Schirrmeister III
*Attorney-in-Charge*
State Bar No. 17750650
S.D. Tex. Bar No. 5546
Pennzoil Place – North Tower
700 Milam, 10th Floor
Houston, Texas  77002
Telephone: (713) 221-2500
Facsimile: (713) 228-3510

ATTORNEY FOR PLAINTIFF
WARREN WILDER

OF COUNSEL:

SCHIRRMEISTER DIAZ-ARRASTIA BREM LLP
George R. Diaz-Arrastia
State Bar No. 05805600
S.D. Tex. Bar No. 12
Laura Friedl Jones
State Bar No. 00787500
S.D. Tex. Bar No. 18219
Pennzoil Place – North Tower
700 Milam, 10th Floor
Houston, Texas  77002
Telephone: (713) 221-2500
Facsimile: (713) 228-3510

00149995.DOCX; 6

# Exhibit 3A

# Schirrmeister Declaration

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WARREN WILDER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-01277 |
| | § | |
| TITAN CHEMICALS CORP. BHD. AND, | § | |
| TITAN PETCHEM (M) SDN. BHD. | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

COME NOW Defendants Lotte Chemical Titan Holding Sendirian Berhad f/k/a Titan Chemical Corp. Berhad ("Titan Chemical") and Lotte Chemical Titan (M) Sendirian Berhad f/k/a Titan Petchem (M) Sendirian Berhad ("Titan Petchem") (collectively "Defendants") and file this their Answer to Plaintiff's Original Complaint. In support of their Answer to Plaintiff's Original Complaint, the Defendants would show the court the following:

All allegations in Plaintiff's Original Complaint not specifically admitted below are denied.

1.      Defendants deny the allegations in paragraph 1.

2.      Defendants deny that Titan Chemicals Corp. Bhd. is correctly named as a Defendant in this lawsuit. Defendants admit that Lotte Chemical Titan Holding Sendirian Berhad f/k/a Titan Chemical Corp. Berhad is a Malaysian company with its registered office at 6th Floor, Bangunan Malaysian Re, No. 17, Lorong Dungun, Damansara Heights, 50490 Kuala Lumpur, Malaysia.

3.      Defendants deny that Titan Petchem (M) Sdn. Bhd. is correctly named as a Defendant in this lawsuit. Defendants admit that Lotte Chemical Titan (M) Sendirian Berhad

f/k/a Titan Petchem (M) Sendirian Berhad is a Malaysian company with its registered office at 6th Floor, Bangunan Malaysian Re, No. 17, Lorong Dungun, Damansara Heights, 50490 Kuala Lumpur, Malaysia.

4. The Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4. Specifically, the Defendants are not certain whether the Court has subject matter jurisdiction because Wilder does not live in Texas. Discovery will be necessary to determine whether Wilder is a citizen of a state or a stateless U.S. citizen. If he is a stateless citizen, the Court will lack diversity jurisdiction.

5. Defendants deny the allegations in paragraph 5, except that Defendants admit an employment agreement dated July 10, 2008 between Titan Petchem and Warren W. Wilder (the "Employment Agreement") named Warren W. Wilder ("Wilder") as Managing Director of Titan Petchem. The allegation that this lawsuit is a breach of contract case is a legal conclusion and does not require a response.

6. Defendants deny the allegations in paragraph 6, except Defendants admit that Wilder was hired as Managing Director of Titan Petchem. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Wilder's residence.

7. Defendants deny the allegations in paragraph 7, except that Defendants admit that prior to his November 8, 2010 resignation, Wilder was paid pursuant to the terms of the Employment Agreement, the terms of which speak for themselves.

8. Defendants deny the allegations in paragraph 8, except that Defendants admit that (i) Wilder was hired by Titan Petchem to work at or from a base in Kuala Lumpur, Malaysia and (ii) Wilder was paid pursuant to the terms of the Employment Agreement, the terms of which

speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Wilder's residence. The allegations in paragraph 8 regarding long-arm jurisdiction are legal conclusions and as such do not require a response.

9.    The allegations contained in paragraph 9 are legal conclusions and accordingly do not require a response.

10.    Admitted.

11.    Defendants admit that Wilder, James Chao, and Albert Chao were involved in the negotiation of Wilder's employment with Titan Petchem. Defendants lack knowledge or information sufficient to form a belief as to whether Donald Condon was involved in these negotiations. Defendants also admit that in 2008 (i) James Chao was the Executive Chairman of Titan Chemicals and was employed by Titan Petchem; (ii) Albert Chao was a non-independent non-executive Director of Titan Chemicals and chairman of Titan Chemicals' Remuneration and Nomination Committee; and (iii) Donald Condon was a non-independent non-executive Director of Titan Chemicals and served on Titan Chemicals' Remuneration and Nomination Committee. Defendants admit that in 2008, Wilder and Donald Condon owned homes, resided, and worked in Houston, Texas. Defendants further admit in 2008, James Chao and Albert Chao resided and worked in Houston, Texas. Defendants deny all remaining allegations in paragraph 11.

12.    Defendants admit that Wilder and James Chao met to negotiate Wilder's employment with Titan Petchem and that James Chao offered Wilder a position as Managing Director of Titan Petchem. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 12.

13.    Defendants admit that on July 10, 2008, Wilder and Titan Petchem entered into the Employment Agreement, the terms of which speak for themselves. Defendants deny the

- 3 -

remaining allegations in paragraph 13 to the extent they misstate or go beyond the terms of the Employment Agreement.

14.     Defendants admit that the Section 4.2 of the Employment Agreement provided that Wilder "shall if and so long as the Company requires and without any further remuneration carry out his duties on behalf of any Group Company and act as a director or officer of any Group Company" and that Section 4.3 of the Employment Agreement provides that "[the] Company may at its sole discretion transfer this Agreement to any Group Company at any time." Defendants deny the remaining allegations in paragraph 14 to the extent they misstate or go beyond the terms of the Employment Agreement.

15.     Defendants admit that the Employment Agreement includes terms relating to Wilder's salary and bonus, the terms of which speak for themselves.  Defendants deny the remaining allegations in paragraph 15 to the extent they misstate or go beyond the terms of the Employment Agreement.

16.     Defendants admit that on July 16, 2010, Honam Petrochemical Corporation ("Honam"), Union Harvard Investments S.R.L., and CGDC Investments Corporation signed a Share Purchase Agreement to sell their shares in Titan Chemical Corp. Bhd. to Honam. Defendants deny the remaining allegations in paragraph 16.

17.     Admitted

18.     Defendants deny the allegations in paragraph 18.

19.     In response to paragraph 19, Defendants repeat their responses to paragraphs 1 through 18.

20.     Defendants deny the allegations in paragraph 20.

## DEFENDANTS' ADDITIONAL STATEMENTS AND DEFENSES

Defendants, having fully answered Plaintiff's Complaint, further answer, allege, and state as follows:

21.     This lawsuit arises from the Employment Agreement entered into between Wilder and Titan Petchem on July 10, 2008. *See* Employment Agreement, Exhibit A to Dkt. No. 8-2. Pursuant to the Employment Agreement, Wilder accepted an offer of employment as the Managing Director of Titan Petchem.

22.     Paragraph 17 of the Employment Agreement contained provisions allowing for the termination of Wilder's employment. Paragraph 17(a) allows the company to involuntarily terminate Wilder's employment in the event of misconduct or gross negligence. Paragraphs 17(b) and 17(c) allow either the company or Wilder to terminate Wilder's employment if there is a change in controlling ownership of the company, or a change in the officer's duties and responsibilities. In the event that Wilder exercised his option to leave his employment due to a change in the controlling ownership of the company or a change in the officer's duties, Wilder was entitled to "a severance payment equal to the sum of twelve months of the then current base and the annual cash bonus not to exceed 50% of base pay . . . "

23.     On July 16, 2010, Honam (now known as Lotte Chemical Corp.) acquired a controlling interest in Titan Chemicals, which was the parent company of Titan Petchem. Honam's acquisition of the controlling interest of Titan Chemicals was completed on November 9, 2010.

24.     Wilder's employment was not terminated by either of the Defendants. Rather, prior to the completion of Honam's acquisition on November 9, 2010, Wilder notified Titan Petchem of his intention to exercise his option under the Employment Agreement to leave Titan

Petchem, effective November 9, 2010. After Wilder expressed his decision to leave Titan Petchem, James Chao met with Wilder to work out the exact severance payment he would receive in accordance with paragraph 17.1 of the Employment Agreement. James Chao and Wilder both signed off on a document dated November 8, 2010 entitled "Final Compensation as of 9 November 2010." *See* the Final Compensation as of 9 November 2010, which will be referred to as the "Severance Payment Agreement," Exhibit B to Dkt. No. 8-2. Pursuant to the Severance Payment Agreement, Wilder was to be paid $496,921.00. On the document, Wilder wrote "Agreed" and signed his name. Thereafter, Wilder was paid $496,921.00 in accordance with the Severance Payment Agreement. On November 9, 2010, Wilder also voluntarily resigned from his position as a director of Titan Chemicals. *See* Resignation Letter, Exhibit D to Dkt. No. 8-2.

25.     On November 9, 2010, Titan Petchem also entered into a separate consulting agreement with Wilder, in which Wilder would provide consulting services, but outside the scope of an employer-employee relationship. *See* Consulting Agreement, Exhibit C to Dkt. No. 8-2. The Consulting Agreement also noted that "This Agreement shall take effect in substitution for all previous agreements and arrangements whether written or oral or implied between the Company and [Wilder] relating to the services of [Wilder] and all such agreements and arrangements shall be deemed to have been terminated by mutual consent." The Consulting Agreement extended less than two months, ending on December 31, 2010.

26.     The payment made by Titan Petchem to Wilder pursuant to the Severance Payment Agreement complied with paragraph 17.1 of the Employment Agreement. Accordingly, it is Defendants' position that Titan Petchem fully complied with the terms of the Employment Agreement. However, as an alternative pleading pursuant to Federal Rule of Civil

Procedure 8(d)(3), the facts alleged in paragraphs 21 to 25 above support the following affirmative defenses:

        a.  Release

        b.  Accord and satisfaction

        c.  Novation

        d.  Waiver, estoppel, and/or acquiescence.

27.     Plaintiff's claims are governed by Malaysian law pursuant to paragraph 29.1 of the Employment Agreement.

DATED this 13th day of December, 2013.

Respectfully submitted,

**VINSON & ELKINS LLP**

*s/ Phillip B. Dye, Jr.*
Phillip B. Dye, Jr.
Federal Bar No. 7216
State Bar No. 06311500
Tracey R. Keegan
Federal Bar No. 900753
State Bar No. 24060499
Tel.: (713) 758-2048
Fax: (713) 615-5766
1001 Fannin Street
Suite 2500
Houston, Texas 77002
pdye@velaw.com
tkeegan@velaw.com

**ATTORNEY-IN-CHARGE FOR
DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on the 13th day of December, 2013, the foregoing document was served on the following counsel of record by electronic service, as listed below:

*Counsel for Plaintiff*
Andrew C. Schirrmeister III
Schirrmeister Diaz-Arrastia Brem LLP
Penzoil Place – North tower
700 Milam, 10th Floor
Houston, TX 77002
Tel.: (713) 221-2500
Fax: (713) 228-3510

*s/ Tracey R. Keegan*
Tracey R. Keegan

US 2203691v.1

# Exhibit 4A

# Schirrmeister Declaration

**General Docket**
**United States Court of Appeals for the 5th Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 14-20110 | **Docketed:** 02/25/2014 |
| Titan Chemical Corporation BHD, et al | **Termed:** 03/21/2014 |
| **Appeal From:** Southern District of Texas, Houston | |
| **Fee Status:** fee paid | |

**Case Type Information:**
  **1)** Original Proceedings
  **2)** Mandamus
  **3)**

**Originating Court Information:**
  **District:** 0541-4 : 4:13-CV-1277
  **Originating Judge:** Kenneth M. Hoyt, U.S. District Judge
  **Date Rec'd COA:**
  02/24/2014

**Prior Cases:**
  None

**Current Cases:**
  None

| **Panel Assignment:** | Not available |
|---|---|

---

In re: TITAN CHEMICAL CORPORATION BHD
        Petitioner

Phillip Bruce Dye, Jr.
Direct: 713-758-2048
Email: pdye@velaw.com
Fax: 713-615-5766
[NTC Retained]
Vinson & Elkins, L.L.P.
Suite 2300
1001 Fannin Street
First City Tower
Houston, TX 77002-6760

Conor Paul McEvily
Direct: 713-758-2041
Email: cmcevily@velaw.com
Fax: 713-615-5061
[NTC Retained]
Vinson & Elkins, L.L.P.
Suite 2500
1001 Fannin Street
First City Tower
Houston, TX 77002-6760

TITAN PETCHEM (M) SDN BHD
        Petitioner

Phillip Bruce Dye, Jr.
Direct: 713-758-2048
[NTC Retained]
(see above)

Conor Paul McEvily
Direct: 713-758-2041
[NTC Retained]
(see above)

------------------------------

WARREN WILDER
        Respondent

Andrew C. Schirrmeister, III, Esq.
Direct: 713-221-2500
Email: acs@sdablaw.com
Fax: 713-221-3510
[NTC Retained]
Schirrmeister Diaz-Arrastia Brem, L.L.P.
10th Floor
700 Milam Street

Pennzoil Place N. Tower
Houston, TX 77002-0000

Case 4:14-cv-01116   Document 4-1   Filed on 04/28/14 in TXSD   Page 29 of 49

In re:  TITAN CHEMICAL CORPORATION BHD; TITAN PETCHEM (M) SDN BHD,

      Petitioners

| | | |
|---|---|---|
| 02/25/2014 | ☐ | ORIGINAL PROCEEDING CASE docketed. [14-20110] (BCL) |
| 02/25/2014 | ☐ ▤<br>44 pg, 15.37 MB | PETITION filed by Petitioners Titan Chemical Corporation BHD and Titan Petchem (M) SDN BHD for writ of mandamus [7575101-2] Date received in 5th Circuit: 02/24/2014.. [14-20110] (BCL) |
| 02/25/2014 | ☐ ▤<br>214 pg, 68.84 MB | Appendix to Petition filed as MEMO IN SUPPORT of petition for writ of mandamus [7575101-2] filed by Petitioners Titan Chemical Corporation BHD and Titan Petchem (M) SDN BHD [14-20110] (BCL) |
| 02/28/2014 | ☐ ▤<br>1 pg, 55.64 KB | COURT DIRECTIVE ISSUED requesting a response to the petition for writ of mandamus filed by Petitioners Titan Chemical Corporation BHD and Titan Petchem (M) SDN BHD in 14-20110 [7575101-2] Response/Opposition due on 03/07/2014. [14-20110] (DMS) |
| 03/07/2014 | ☐ ▤<br>36 pg, 92.93 KB | RESPONSE/OPPOSITION filed by Mr. Warren Wilder *in Opposition* [7582203-1] to the petition for writ of mandamus filed by Petitioners Titan Chemical Corporation BHD and Titan Petchem (M) SDN BHD in 14-20110 [7575101-2] Date of Service: 03/07/2014 via email - Attorney for Petitioner: Dye; Attorney for Respondent: Schirrmeister. [14-20110] (Andrew C. Schirrmeister III) |
| 03/18/2014 | ☐ | Attorney Conner McEvily added as counsel of record for Petitioners Titan Chemical Corporation BHD and Titan Petchem (M) SDN BHD in 14-20110 [14-20110] (BCL) |
| 03/18/2014 | ☐ ▤<br>32 pg, 606.7 KB | UNOPPOSED MOTION filed by Petitioners Titan Chemical Corporation BHD and Titan Petchem (M) SDN BHD for leave to file a reply [7588906-2] to the response/opposition filed by Respondent Mr. Warren Wilder in 14-20110 [7582203-2]. Date of service: 03/18/2014 via email - Attorney for Petitioners: Dye, McEvily; Attorney for Respondent: Schirrmeister [14-20110] (Conor Paul McEvily ) |
| 03/21/2014 | ☐ ▤<br>2 pg, 99.87 KB | COURT ORDER granting motion for leave to file a reply to respondent's response to petitioner's petition for writ of mandamus filed by Petitioners Titan Chemical Corporation BHD and Titan Petchem (M) SDN BHD [7588906-2] Judge(s): EGJ, EHJ and EBC. [14-20110] (BCL) |
| 03/21/2014 | ☐ ▤<br>24 pg, 515.75 KB | REPLY filed by Petitioners Titan Chemical Corporation BHD and Titan Petchem (M) SDN BHD [7591718-1] to the response/opposition filed by Respondent Mr. Warren Wilder in 14-20110 [7582203-2]. [14-20110] (BCL) |
| 03/21/2014 | ☐ ▤<br>2 pg, 91.6 KB | COURT ORDER denying petition for writ of mandamus filed by Petitioners Titan Chemical Corporation BHD and Titan Petchem (M) SDN BHD. The petitioners have failed to show that their right to the writ is clear and indisputable so as to justify the remedy they seek. It is further ordered that petitioners' request to remand this case for application for forum non conveniens analysis is denied. [7575101-2]. Judge: EGJ, Judge: JES, Judge: EBC [14-20110] (BCL) |

Clear All

◉ **Documents and Docket Summary**
○ **Documents Only**

☐ **Include Page Numbers**

**Selected Pages:** 0      **Selected Size:** 0 KB      **(Max: 10 MB)**

View Selected

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 5th Circuit - Appellate - 04/10/2014 14:40:12 | | | |
| **PACER Login:** | sd0999 | **Client Code:** | 564.01 |
| **Description:** | Docket Report (full) | **Search Criteria:** | 14-20110 |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

# Exhibit 5A

# Schirrmeister Declaration

# Vinson&Elkins

Phillip B. Dye, Jr.   pdye@velaw.com
Tel +1.713.758.2048  Fax +1.713.615.5766

September 24, 2013

**By Email**

Mr. Andrew Schirrmeister      *Email: aschirrmeister@sdablaw.com*
Schirrmeister Diaz-Arrastia Brem LLP
Penzoil Place – North Tower
700 Milam, 10th Floor
Houston, TX 77002

Re:     C.A. No. 4:13-CV-01277; *Warren Wilder v. Titan Chemicals Corp. BHD and Titan Petchem (M) Sdn. Bhd.;* In the United States District Court, Southern District of Texas, Houston Division

Dear Mr. Schirrmeister:

I am writing to bring something to your attention of which you may not be aware. Both in the Complaint and the Response to Defendants' Motion to Dismiss, you state that Warren Wilder resides at 6645 Westchester Street, Houston, Texas 77005. In the process of trying to serve Mr. Wilder with the Malaysian lawsuit, we have learned that this assertion is incorrect. Mr. Wilder has leased the property at that address to someone else. The current resident of 6645 Westchester Street directed us to Mr. Wilder's leasing agent, who stated that Mr. Wilder resides abroad. It appears, therefore, that contrary to what is stated in the Complaint, he is not residing in Houston or in the United States.

In the Response, you raise Mr. Wilder's residence eleven times as something the Court should take into account. Many of these assertions depend in whole or in part upon the incorrect statement that Mr. Wilder resides in Houston, Texas. As a result of these many statements, the Court is very likely under the impression that Mr. Wilder currently resides in Houston. We request that you bring the fact that Mr. Wilder does not reside in Texas to the attention of the Court immediately.

Vinson & Elkins LLP Attorneys at Law
Abu Dhabi  Austin  Beijing  Dallas  Dubai  Hong Kong  Houston  London  Moscow
New York  Palo Alto  Riyadh  San Francisco  Shanghai  Tokyo  Washington

1001 Fannin Street, Suite 2500
Houston, TX 77002-6760
Tel +1.713.758.2222  Fax +1.713.758.2346  www.velaw.com

V&E

Regards,

VINSON & ELKINS LLP

Phillip B. Dye, Jr.

cc:    George R. Diaz-Arrastia          *Via Email:  gdarrastia@sdablaw.com*
       Laura Friedl Jones               *Via Email:  ljones@sdablaw.com*

# Exhibit 6A

# Schirrmeister Declaration

‖ SCHIRRMEISTER ‖ DIAZ-ARRASTIA ‖ BREM LLP ‖    ANDREW C. SCHIRRMEISTER III
                                                                    acs@sdablaw.com

564.001

September 24, 2013

*VIA E-MAIL*
Mr. Phillip P. Dye, Jr.
Vinson & Elkins LLP
1001 Fannin Street
Suite 2500
Houston, Texas 77002

> Re:   Civ. Action No. 4:13-CV-01277; Warren Wilder v. Titan Chemicals Corp. BDH
>        and Titan Petchem (M) Sdn. Bhd., in the United States District Court, Southern
>        District of Texas, Houston Division

Dear Mr. Dye:

In response to your correspondence of this morning, the Response expressly informs the Court: "Defendants negotiated and completed employment negotiations for the Agreement in Houston, and Defendants paid Mr. Wilder, who maintains his residence in Houston while working abroad as an expatriate, via electronic funds transfer into a Houston bank account." Resp. pp. 8-9 (emphasis added).  Likewise, in the very next paragraph, the Response states: "As such, the possibility that Mr. Wilder would leave Malaysia upon the termination of his employment, either to return to his residence in Houston or to move on to another expatriate assignment, was not only foreseeable but also likely." I don't understand how this could give the Court, or anyone else, anything other than the correct impression: that Mr. Wilder is a Houston resident who works abroad as an expatriate.

Texas law is well-established that an individual such as Mr. Wilder does not lose his Houston, Texas residence by leaving for temporary purposes, even if the premises are leased in the interim.

> The term "residence" has been construed as the place where one actually lives or has his home. *Owens Corning v. Carter*, 997 S.W.2d 560, 571 (Tex.1999), cert. denied, 528 U.S. 1005, 120 S.Ct. 500, 145 L.Ed.2d 386 (1999). It connotes a home and a fixed place of habitation to which one intends to return when away. *Id.* This does not mean, however, that one must be physically present within the home to claim it as a residence. He may well live temporarily in one place while maintaining his residence at another. *See Tovar v. Board of Trustees*, 994 S.W.2d

PENNZOIL PLACE - NORTH TOWER

700 Milam, 10th Floor ‖ Houston, Texas 77002
713-221-2500 *phone* ‖ 713-228-3510 *fax*                    00159618.DOCX; 1
www.sdablaw.com

756, 762 (Tex.App.-Corpus Christi 1999, pet. denied) (stating that if a person moves to a new location only temporarily, presently intending to return to the previous place of habitation, the person does not lose his residence). And, that he leased the abode while physically absent from it does not mean, in and of itself, that the abode was no longer his residence. *Kirk v. Barnett*, 566 S.W.2d 122, 123 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ).

*Malnar v. Mechell*, 91 S.W.3d 924, 928-29 (Tex. App.—Amarillo 2002, no pet.).

Should you have any questions, you may contact me at (713) 221-2500.

Very truly yours,

Andrew C. Schirrmeister III

ACS/dlb

# Exhibit 7A

# Schirrmeister Declaration

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **WARREN WILDER** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **Civil Action No. 4:13-cv-01277** |
| *v.* | § | |
| | § | |
| **TITAN CHEMICAL CORP.** | § | |
| **BHD, ET AL.,** | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANTS' MOTION FOR RECONSIDERATION AND ALTERNATIVELY CERTIFICATION

President of Westlake, James Chao as an employee of Westlake, and Donald Condon as a Senior Vice President of Westlake).  Moreover, Plaintiff himself worked at Westlake at the time the Agreement was negotiated.  Thus every single party involved in the Agreement's negotiation was an employee of Westlake at the time of its negotiation—a fact which points to Westlake, rather than Defendants, as being the drafting party.

**B.      The Order's statement that Plaintiff has returned to the United States to file this suit is also incorrect.**

The Court's Order states that Plaintiff has returned to the United States to file this suit. *See* Mem. Op. at 3.  This is a factual error as to which both Plaintiff and Defendants agree. Indeed, in a letter to Defendants' counsel dated September 24, 2013, Plaintiff's counsel indicated that it was abundantly clear from his pleadings that Plaintiff is presently living and working abroad.  *See* Exhibit C (September 24, 2013 letter from Andrew Schirrmeister III).[2]  Moreover, as the attached Exhibit E demonstrates, Plaintiff presently lives in Dhahran, Saudi Arabia.  Prior to residing in Dhahran, Plaintiff lived in Mumbai, India (as the Court correctly notes, Mem. Op. at 3).  And before living in Mumbai, Plaintiff worked for Titan Chemicals in Malaysia from 2008-2011.  *See* Exhibit E.  In sum, contrary to the Order's statement, Plaintiff does not now reside in the United States, nor has he lived in the United States for at least the last five (5) years.

Far from being harmless, this factual error has significant implications for Defendants' *forum non conveniens* argument.  It has been well established by this and other district courts,

---

[2] Mr. Schirrmeister's September 24, 2013 letter was written in response to a letter from Defendants' counsel.  *See* Exhibit D (September 24, 2013 letter from Phillip B. Dye, Jr.).  Mr. Dye wrote Mr. Schirrmeister to notify him that, although Plaintiff's Complaint indicates that Plaintiff "resides" in Houston, Texas, in the process of trying to serve Plaintiff with another suit, Defendants' counsel had learned that Plaintiff was leasing his Houston house to someone else, and was presently residing abroad.  *Id.*  Plaintiff's counsel wrote back to confirm this arrangement.  *See* Exhibit C (noting that "I don't understand how this could give the Court, or anyone else, anything other than the correct impression"—*i.e.*, that Plaintiff is living and working abroad).

7

that a Plaintiff's "choice of forum is entitled to less deference where the plaintiff does not live in the forum," and where the plaintiff's choice of a U.S. forum appears motivated by forum-shopping reasons. *Sanchez v. Rawlings*, No. G-06-CV-718, 2007 WL 1040469 at *2 (S.D. Tex. Apr. 2, 2007);[3] *see also Segura v. Range Res., Corp.*, No. G-06-CV-562, 2007 WL 869518 at *3 (S.D. Tex. Mar. 20, 2007) (plaintiff's "choice of forum is entitled to less deference when the plaintiff does not live in the forum"); *Rouslston v. Yazoo River Towing, Inc.*, No. Civ.A. 03-2791, 2004 WL 1687232 at *2 (E.D. La. July 26, 2004) ("[c]ourt[s] will accord less deference to the plaintiff's [forum] choice when the plaintiff does not reside in the chosen forum."); *Coni-Seal, Inc. v. O'Reilly Automotive, Inc.*, No. 12-04568, 2013 WL 149611 at *9 (D.N.J. Jan. 14, 2013) (noting that among the "various factors that can undercut priority of Plaintiff's forum choice" is the fact that "Plaintiff resides in a different forum from that chosen"); *Presnell v. Cottresll, Inc.*, No. 09-cv-1024-JPG, 2010 WL 1710832 at *3 (S.D. Ill. April 28, 2010) ("the importance of plaintiff's choice of forum is reduced when the plaintiff does not live in the forum"); *Costello v. Novartis Pharm. Corp.*, No. Civ.A. 05-3841, 2006 WL 1479800 at *2 (E.D. Pa. May 25, 2006) ("it has been repeatedly recognized that a plaintiff's choice of forum receives less weight where the plaintiff does not live in that forum"); *Iragorri v. United Technologies Corp.*, 274 F.3d 65, 72 (2d Cir. 2001) ("[T]he more it appears that the plaintiff's choice of a U.S. forum was motivated by forum-shopping reasons . . . the less deference the plaintiff's choice commands and, consequently, the easier it becomes for the defendant to succeed on a *forum non*

---

[3] Although the court in *Sanchez* and many of the other cases cited above were addressing a motion to transfer venue under 28 U.S.C. § 1404(a), the factors considered under section 1404(a) are identical to the ones considered for *forum non conveniens*. Indeed, the Supreme Court recently acknowledged that section 1404(a) is the "codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S.Ct. 568 (2013), slip op. at 10.

*conveniens* motion by showing that convenience would be better served by litigating in another country's courts."). Moreover, the proximity of Plaintiff's current residence to Malaysia bears on the *forum non conveniens* analysis: Plaintiff's present location, Dhahran, is approximately 4,000 miles closer to Malaysia than it is to Houston, Texas.[4]

## II.     The Order Contains Manifest Errors of Law.

The Court's Order likewise contains several errors of law, all of which merit reconsideration and correction. These errors include: (A) holding that the Agreement is "ambiguous"; (B) holding that a permissive forum-selection clause is not subject to a *forum non conveniens* challenge; (C) denying Defendants' Motion to Dismiss on grounds not advanced by either party; and (D) resorting to the *contra proferentem* canon of construction.

### A.     The Order's holding that the Agreement's forum-selection clause is "ambiguous" and thus permissive is an error of law.

As noted, the Agreement's mandatory forum-selection clause provides as follows: "[t]he parties submit to the ***exclusive jurisdiction*** of the Malaysian courts but this Agreement may be enforced by the Company or Officer in any court of competent jurisdiction." Agreement, § 29.2 (emphasis added). The Order finds this language to be "ambiguous," *i.e.*, "reasonably susceptible of more than one meaning," and construes "the [forum-selection] clause to be permissive . . . even though the clause uses the word 'exclusive.'" Mem. Op. at 5, 7. Use of the term "exclusive," the Court adds, "does not automatically mean mandatory." *Id.* at 7. But this holding goes against a wealth of case law indicating that the word "exclusive" is a clear sign that a forum-selection clause is mandatory. Furthermore, neither party disputes the forum-selection

---

[4] The Court's Order contains several additional factual errors that merit correction. The Order states that James Chao was the "new Executive Chairman of Titan Chemicals" in 2010, when in fact he had occupied that position for a number of years. Mem. Op. at 2. The Court also calls Honam Petrochemical Corp. "a Chinese company" when, in fact, it is a South Korean company. *Id. See* Pl. Compl. at 4.

9

# Exhibit 8A

# Schirrmeister Declaration

```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN  DISTRICT OF TEXAS
                    HOUSTON DIVISION

WARREN WILDER,                )
     PLAINTIFF,               )
                             )
vs.                          )CASE NO. 4:13-CV-01277
                             )
TITAN CHEMICALS CORP. BHD.   )
AND, TITAN PETCHEM (M)        )
SDN.BHD.                      )
     DEFENDANTS.             )
```

```
    *****************************************************

              ORAL VIDEOTAPED DEPOSITION OF

              WARREN WILDER * Volume 1

                  March 28, 2014

    ******************************************************
```

ORAL VIDEOTAPED DEPOSITION OF WARREN WILDER,

produced as a witness at the instance of the Defendants

and duly sworn, was taken in the above-styled and

numbered cause on the 28th day of March, 2014, from

9:06 a.m. to 1:42 p.m., before Cindi L. Bench, Certified

Shorthand Reporter in and for the State of Texas,

reported by computerized stenotype machine at the

offices of SCHIRRMEISTER, DIAZ-ARRASTIA AND BREM, LLP,

700 MILAM, 10TH FLOOR, HOUSTON, TEXAS pursuant to the

Federal Rules of Civil Procedure and the provisions

stated on the record or attached hereto.

```
 1                    APPEARANCES

 2

 3   FOR PLAINTIFF:

 4        Mr. George R. Diaz-Arrastia(7m)
          Ms. Laura Friedl Jones
 5        Schirrmeister, Diaz-Arrastia & Brem, LLP
          700 Milam, 10th Floor
 6        Houston, Texas 77002
          Telephone: 713.221.2500
 7        Fax:   713.228.3510
          E-mail: gdarrastia@sdablaw.com
 8
     FOR DEFENDANTS:
 9
          Mr. Charles McCullough Rosson(2h26m)
10        Vinson & Elkins
          1001 Fannin, Suite 2500
11        Houston, Texas 77002

12        Telephone: 713.758.2106
          Fax:   713.615.5027
13        E-mail: crosson@velaw.com

14   ALSO PRESENT:

15        Tyson Phillips, Videographer, Iron Gavel Video
     713.828.4588
16

17

18

19

20

21

22

23

24

25
```

21

1       A.    I wanted to make all the demands at one time

2  to get the money that I'm owed.

3       Q.    And when you say you wanted to make all the

4  demands at one time, are you referring to the filing of

5  the complaint in this lawsuit?

6       A.    Yes.

7       Q.    What explains the period of years between your

8  departure from Titan and the filing of this lawsuit?

9       A.    Needed to find a lawyer, work on getting it

10 all together.

11      Q.    So, is it true that when you left Titan, you

12 believed that you were owed a short-term bonus that

13 hadn't been paid to you?

14      A.    Absolutely.

15      Q.    Did you tell anyone at Titan when you left

16 that there was a bonus that was still owing to you that

17 had never been paid?

18      A.    I told the general counsel.

19      Q.    Who was general counsel?

20      A.    Philip Kong.

21      Q.    Do you remember what specifically you told

22 Philip Kong?

23      A.    Well, I said I'm owed a number of things, you

24 know, all the demands that are in this case.

25      Q.    What did Philip Kong say to you?

1      A.    Philip Kong said that I was right, but I

2  should be aware that Titan is the largest company in

3  Malaysia and if I pursued the claim in Malaysian court,

4  I'd likely lose or it would be very difficult for me;

5  and I should be satisfied with what the company was

6  putting on the table and call it a day.

7      Q.    Did Philip Kong explain why it would be

8  difficult to obtain the sums you were seeking in

9  Malaysian court?

10      A.    He said that the court system there is -- it

11  was just difficult, it takes time, effort, and I'd be

12  living somewhere else, be difficult.

13      Q.    At that time you were planning to move to

14  India?

15      A.    I was not.  I was shocked at what he presented

16  to me that day.  I expected I would continue on as the

17  MD and CEO of the company, that was the deal.

18      Q.    I see.  And what did Philip Kong present to

19  you instead of what you expected?

20      A.    He gave me the -- things to sign that I was

21  resigning, and that's it.

22      Q.    About what time period did Philip Kong give

23  you these documents?

24      A.    It would have been the day or two before the

25  close, which as I said before was early November.

1      A.   Yes.

2      Q.   Did you willingly sign LOT 28?

3      A.   Under duress I signed it.

4      Q.   Tell me about the duress.

5      A.   They had reneged on their deal, as I have

6   explained, and this doesn't reflect all the money that's

7   owed me.  It's nowhere close.  If -- what I told Philip,

8   who presented this to me, he said, yeah, you can sign

9   this and you can get this money or you can pursue your

10  claim in the Malaysian courts where you likely will not

11  prevail.  You're going to be living outside the country,

12  it will be difficult.  You should just sign this.  Take

13  your money.  Take what you can get.  You've been

14  cheated, but take it and go.

15     Q.   Did Philip Kong tell you that you've been

16  cheated?

17     A.   He told me that I'd been cheated.

18     Q.   Do you remember specifically what words he

19  used?

20     A.   I don't remember that word, that I'd been

21  wronged, that I had a good claim under Malaysian law.

22     Q.   Do you remember him specifically telling you

23  that you were wronged?

24     A.   I was wronged.  I don't remember the exact

25  words.  It was wronged, cheated, it wasn't right.  I

1  believe he said it wasn't right.

2      Q.   And then he told you that you had a claim

3  under Malaysian law?

4      A.   He said I had a claim, yeah.  And I could

5  pursue it in the Malaysian courts, but he said I'd never

6  get a fair trial in Malaysia.  Titan is the largest

7  industrial company there.  Lotte is a big company.  He

8  counseled me to take my money and go.

9      Q.   Did he counsel you to take your money and go

10  on November 8th?

11      A.   Yeah, same time I signed this.

12      Q.   The same day?

13      A.   Yeah, he presented this to me, as I recall,

14  James did not, along with, I think, the resignation

15  letter at the same time.  I had to sign that in order to

16  get this money.

17      Q.   I want to make sure quickly that I understand

18  what you mean by duress.

19           No one physically threatened you, correct?

20      A.   No, no.  I'm sorry, I don't know the legal

21  meaning of duress.

22      Q.   I'm just trying to be clear.

23      A.   It was this -- this or nothing.

24      Q.   It was this or bring a legal claim in

25  Malaysia --