IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LOTTE CHEMICAL TITAN (M)          §
SENDIRIAN BERHAD f/k/a Titan      §
Petchem (M) Sendirian Berhad,     §
                                  §
              Plaintiff,          §
                                  §
VS.                               §   CIVIL ACTION NO. H-14-1116
                                  §
WARREN WILLIAM WILDER,            §
                                  §
              Defendant.          §

<u>OPINION AND ORDER OF REMAND</u>

Pending before the Court in the above referenced cause, removed from the 157th Judicial District Court in Harris County, Texas and seeking recognition of a Malaysian default judgment against Defendant Warren Wilder ("Wilder") under the Texas version of the Uniform Foreign Country Money-Judgment Recognition Act, Tex. Civ. Prac. & Rem. Code §§ 36.001-008, is *inter alia* a motion to remand pursuant to 28 U.S.C. § 1447(c) (instrument #5) filed by Plaintiff Lotte Chemical Titan (M) Sendirian Berhad f/k/a Titan Petchem (M) Sendirian Berhad ("Titan Petchem").

On May 2, 2013, Wilder filed a suit in this district titled *Warren Wilder v. Titan Chemical Corp. BHD and Titan Petchem (M) SDN BHD*, H-13-1277, pending before the Honorable Kenneth M. Hoyt, alleging breach of an employment contract entered into on July 10, 2008 by Wilder and Titan Petchem for failure to pay Wilder certain compensation owed to him under the contract. On March 12, 2014 Titan Petchem filed the instant action is state court, Cause No. 2014-16260, conceding that it arises from the same employment contract in dispute in H-13-1277, but seeking to enforce a default

-1-

judgment it had meanwhile obtained in a Malaysian court on December 6, 2013 against Wilder for his alleged failure to make a required tax equalization payment in 2010.  In that Malaysian suit Wilder was purportedly never served, nor did he receive notice of that action before judgment.  According to the Notice of Removal (#1), Titan Petchem had this tax equalization claim against Wilder at the time it filed and served its answer on December 13, 2013 in H-13-1277 and thus the allegations in this action are compulsory counterclaims in H-13-1277 under Federal Rule of Civil Procedure 13(a)(1)("A pleading must state as a counterclaim any claim that-- at the time of its service--the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claims; and (B) does not require adding another party over whom the court cannot acquire jurisdiction.").

According to Wilder's Notice of Removal, the Court has jurisdiction under 28 U.S.C. § 1332(a)(2) because it is a civil action "between citizens of a state and citizens or subjects of a foreign state," 28 U.S.C. § 1367(a)(supplemental jurisdiction), and Federal Rule of Civil Procedure 13(a), and is properly removable under 28 U.S.C. § 1441(b) based on diversity jurisdiction.  The Notice states that Wilder "is a citizen of the United States and maintains a residence at 6645 Westchester Street, Houston, Texas 77005,"[1] and is thus a citizen of Texas but is temporarily working

---

[1] Titan Petchem charges that Wilder has failed to plead his citizenship adequately and for that failure alone the case should be remanded.  "For diversity jurisdiction, the party

in Saudi Arabia.   Titan Petchem is a Malaysian company with its
registered office in Kuala Lumpur, Malaysia.

Titan Petchem moves for remand on the grounds that the removal
did not comply with the resident-defendant rule under the removal
statute, 28 U.S.C. § 1441(b), **"Removal based on diversity of
citizenship**."   It provides, "A civil action otherwise removable
solely on the basis of the jurisdiction under section 1332(a) of
this title may not be removed if any of the parties in interest
properly joined and served as defendants is a citizen of the State
in which such action is brought."   This action is based solely on
Texas law.

Wilder is either a citizen of Texas or a United States citizen
who is domiciled abroad.   If the latter, there is no subject matter
jurisdiction.[2]   Without admitting to that as a fact, Titan Petchem

---

asserting federal jurisdiction must 'distinctly and affirmatively
allege[]' the citizenship of the parties.   Failure to adequately
allege the basis for diversity jurisdiction mandates dismissal."
*Howery v. Allstate Ins.*, 243 F.3d 912, 919 (5th Cir. 2001).   *See
also Grizzly Mountain Aviation, Inc. v. McTurbine, Inc.*, 619 F.
Supp. 2d 282, 284 n.3 (S.D. Tex. 2008)(allegation that defendants
were "citizens of the United States" was insufficient to
establish citizenship for purposes of diversity."   Wilder's claim
tht he "maintains a residence" in Texas is insufficient to
establish Texas citizenship because citizenship is based on a
party's domicile, and "[d]omicile requires . . . residence *and*
the intention to remain." *Hollinger v. Home State Mut. Ins. Co.*,
654 F.3d 564, 571 (5th Cir. 2011).   Any doubt "should be resolved
against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200
F.3d 335, 339 (5th Cir. 2000).

[2] This Court notes that "United States citizens permanently
residing abroad are not citizens of any particular state in the
United States and, therefore, cannot sue or be sued in federal
court on the diversity jurisdiction." *Coury v. Prot*, 85 F.3d
244, 248 (5th Cir. 1996); *Herrick Co., Inc. v. SCS Commc'n, Inc.*,

assumes for the purpose of its motion to remand that Wilder is a citizen of Texas.

Titan Petchem argues that Wilder is seeking to circumvent the requirements of § 1441(b) by alleging that the "removal is not 'solely on the basis of the jurisdiction under section 1332(a),' but removal is also based on 28 U.S.C. § 1367(a)[the supplemental jurisdiction statute] and Fed. R. Civ. P. 13(a)[the compulsory counterclaim rule]." Notice of Removal at ¶11. Titan Petchem contends that it is well established that the supplemental jurisdiction statute cannot be used to circumvent the resident defendant rule. *Motion Control Corp. v. SICK, Inc.*, 354 F.3d 702, 706 (8th Cir. 2003), *cited with approval by the Fifth Circuit*, *Energy Mgmt. Services, LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014)("§ 1367, by its own terms cannot fill the void" when the removal statute is not satisfied), and *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010)("While [§ 1367(a)] does allow factually related state law claims to be joined with the claim over which the federal district court has original jurisdiction, it plainly does not provide a separate basis for removal of independent state law actions . . . [It] is not original jurisdiction."). Furthermore the United States Supreme Court has held that "federal jurisdiction [cannot] rest upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). *See also Siemens Water Tech., LLC v. Sooter*, No. H-14-49, 2014 WL 710953, at *2 (S.D. Tex. Feb. 24, 2014)(Werlein, J.)("Even

---

251 F.3d 315, 322 (2d Cir. 2001); 13E Charles Alan Wright, *et al.*, *Federal Practice & Procedure* § 3621 (3d ed. 2012).

if [the plaintiff's] claims are compulsory counterclaims, . . . the supplemental jurisdiction statute, 28 U.S.C. § 1367, does not provide for removal jurisdiction."), *citing Halmekangas*, 603 F.3d at 295 ("Supplemental jurisdiction on its own does not give federal courts the power to remove a state case that does not arise from a federal question or offer complete diversity of citizenship."). Therefore this action must be remanded, insists Titan Petchem.

Petchem emphasizes that the claims in the suit before Judge Hoyt and the claims in this suit, although arising out of the same contract, do not overlap since one addresses Wilder's salary dispute and the other his tax obligations owed to Titan Petchem.

If Wilder is a citizen of Texas for diversity purpose, removal is improper for failure to satisfy § 1441(b)(2) because Wilder is a "citizen of the State [Texas] in which such action is brought."

Wilder's supplemental jurisdiction theory under § 1367(a)("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .") also fails as a basis for the Court's jurisdiction over this suit. Section 1367 is not a removal statute and applies only after § 1441 has been satisfied. *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002)("Removal is governed by statute, and invocation of ancillary jurisdiction [as codified in § 1367] . . . does not dispense with the need for compliance with statutory requirements."); *Energy Management*, 739 F.3d at 257 (once § 1441 is satisfied, the court

may then assert supplemental jurisdiction pursuant to § 1367 over any remaining state-law claims that do not independently satisfy original jurisdiction if the state-law claims are part of the same case or controversy as the "anchor claim."). An "anchor claim" is a claim over which the federal court has original jurisdiction pursuant to §§ 1331, 1332, or 1369. *Energy Management*, 739 F.3d at 259 n.2. The claim in this action cannot simultaneously be the "anchor claim" from which supplemental jurisdiction derives and the claim over which supplemental jurisdiction can be exercised, so Wilder has tried to "ride on the jurisdictional coattails of the related Salary Dispute Action" in Judge Hoyt's court by claiming it is the anchor claim from which supplemental jurisdiction can be exercised over the instant action and by filing a motion in Judge Hoyt's suit to consolidate the two actions. #5 at p. 8. Titan Petchem maintains that the fact that "a related case is pending in the federal court" does not change the rule that "[t]he original jurisdiction requirement is an absolute and nonwaivable prerequisite to removal jurisdiction" and the "supplemental jurisdiction statute is not itself a source of original jurisdiction and therefore is not a proper basis for removal." *Motion Control*, 354 F.3d at 706 ("'[A] removal petition therefore may not base subject-matter jurisdiction on the supplemental-jurisdiction statute, even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction . . . .'"). *See also Washington v. Burley*, Civ. A. No. 3-12-154, 2012 WL 5289682, at *2 (S.D. Tex. 2012)("The relationship between consolidation and

-6-

subject matter jurisdiction has arisen in cases in which defendants improperly removed cases with no basis for federal jurisdiction and then sought to establish jurisdiction by consolidating the removed cases with other federal cases."). In sum, removal is improper because § 1367 does not provide an independent basis for removal and Wilder's alleged Texas citizenship would prohibit removal under § 1441(b).

Nor does Wilder's characterization of this action as a compulsory counterclaim under Rule 13 resuscitate his flawed supplemental jurisdiction theory. Rule 13 does not contain any language about federal jurisdiction or removal to federal district court, nor does Wilder cite nor can he cite any authority for his claim. *Vaden*, 556 U.S. at 60 ("[F]ederal jurisdiction [cannot] rest upon an actual or anticipated counterclaim."). *See also Siemens*, 2014 WL 710953, at *2 (rejecting plaintiff's claims that the court had supplemental jurisdiction over plaintiff's state law claims because they were compulsory counterclaims that should have been raised in defendant's related suit, the court concluded that "the supplemental jurisdiction statute, 28 U.S.C. § 1367, does not provide for removal jurisdiction" and remanded the case). *In accord, Sovereign Bank, N.A. v. Lee*, No. CV 13-2756, 2013 WL 5081731, at *3 (E.D.N.Y. Sept. 12, 2013).

Titan Petchem requests reasonable fees and costs incurred in filing the motion for remand pursuant to 28 U.S.C. 1447(c).

Because the Court agrees with Titan Petchem that Wilder improperly conflates original jurisdiction and removal requirements the Court does not summarize Wilder's erroneous arguments.

-7-

Moreover the Court concludes that Titan Petchem has correctly explained the law and properly applied it to the facts in this case.

As for Titan Petchem's request for an award of fees and costs under § 1447(c), Wilder insists there is an objectively reasonable basis for removal and the Fifth Circuit has held that the forum defendant rule is procedural and waivable, not jurisdictional, and therefore no bar to removal.

If it remands a case, the district court has the discretion to award the "payment of just costs and any actual expenses, including attorney's fees, incurred as a result of removal." 28 U.S.C. § 1447(c).   That discretion has limits:   "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Marin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  In deciding whether to grant such an award, the court "'do[es] not consider the motive of the removing defendant," but "considers the objective merits of removal at the time of removal, irrespective of the ultimate remand." *Diaz v. Cameron County, Texas*, 300 Fed. App'x 280, 281 (5th Cir. Nov, 19, 2008), *quoting Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292-93 (5th Cir. 2000).  If an objectively reasonable basis for removal exists, an award of attorney's fees should be denied. *Howard v. St. Germain*, 599 F.3d 455, 457 (5th Cir. 2010), *citing Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004).  *See*

*American Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, (5th Cir. 2012)(holding that the district court did not abuse its discretion in awarding attorney's fees because the operator did not have objectively reasonable grounds to believe removal of case was legally proper; a defendant's subjective good faith belief that removal was proper is insufficient to defeat an award of attorney's fees under § 1447(c) where defendants did not have objectively reasonable grounds to believe the removal was legally proper.).

The Court finds that Wilder did not have objectively reasonable grounds for removing this suit and accordingly grants Titan Petchem's request for an award of fees and costs.  Titan Petchem shall file within ten days an appropriate affidavit request that complies with *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) and any relevant records.  Wilder shall have ten days after he receives a copy of the submission to file a response.

Based on the reasons discussed above, the Court

ORDERS that Titan Petchem's motion to remand (#5) is GRANTED and this case is REMANDED to the 157th Judicial District Court in Harris County, Texas, where it was designated Cause No. 2014-16260.

**SIGNED** at Houston, Texas, this  3rd  day of   June  , 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE