```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION
```

LOTTE CHEMICAL TITAN (M)           §
SENDIRIAN BERHAD f/k/a Titan       §
Petchem (M) Sendirian Berhad,      §
                                   §
        Plaintiff,                 §
                                   §
VS.                                §    CIVIL ACTION NO. H-14-1116
                                   §
WARREN WILLIAM WILDER,             §
                                   §
        Defendant.                 §

## OPINION AND ORDER

Pending before the Court in the above referenced cause, remanded to the 157th Judicial District Court in Harris County, is Defendant William Wilder's ("Wilder's") motion for reconsideration (instrument #17) of the Court's award of fees and costs under 28 U.S.C. § 1447(c)[1] to Lotte Chemical Titan (M) Sendirian Berhad ("Titan") in its Opinion and Order of Remand (#14) or, alternatively, response to attorney fee affidavit of Phillip B. Dye, Jr. (#16) in support of Titan's request for fees and costs.

Wilder maintains that he acted in good faith and had a reasonable basis for the removal. He maintains that he did not remove this suit to delay or prolong the litigation or impose costs on Titan, but to bring all the disputes on a single contract into a single forum.

---

[1] Section 1447(c) provides, "An order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal."

-1-

After reviewing the Opinion and Order of Remand (#14) and the parties' briefing on the award of costs and fees, the Court stands by its earlier determination that the award is appropriate under 28 U.S.C. § 1447(c) because Wilder lacked a reasonable basis for removal under *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002), and *Energy Management Services, LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014). Thus the Court denies Wilder's motion for reconsideration and addresses the merits of Titan's request for fees and costs.

**Jurisdiction Post-Remand**

This Court retains jurisdiction over an award of fees and costs under 28 U.S.C. § 1447(c) despite having remanded this suit. "[T]he Supreme Court in *Cooter v. Hartmarx Corp.*, 496 U.S. 384, 396 . . . (1990)[,] held that a court which is divested of jurisdiction over the merits of a matter does not lose jurisdiction on any collateral issues of that matter, such as awarding of attorney fees. Furthermore, other circuit courts have found that a district court is not divested of jurisdiction to award attorney fees and costs subsequent to the certification of a remand of a § 1447(c) removal." *Coward v. AC and S., Inc.*, 91 Fed. Appx. 919, 921-22 (5th Cir. Jan. 14, 2004)(citing other appellate cases). *See also Bryant v. Brit*, 420 F.3d 161, 164-66 (2d Cir. 2005)(holding that a district court has jurisdiction to resolve a motion for fees and costs under § 1447(c) after a remand order has issued)(noting that

"[a]ll of the other circuits that have addressed the question have reached the same conclusions" and cases cited).

**Standard of Review**

The United States Supreme Court established the standard for awarding fees under § 1447(c) in *Marin v. Franklin Capital Corporation*, 546 U.S. 132, 140-41 (2005):

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.
> In light of these "'large objectives,'" . . . the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *See, e.g., Hornbuckle [v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004)]; *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Id.*, cited for this proposition, *American Airlines, Inc. v. Sabre*,

Inc., 694 F.3d 539, 542 (5th Cir. 2012).

"There is no automatic entitlement to an award of fees. Indeed, the clear language of [§ 1447(c)] makes such an award discretionary." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).

A defendant's subjective good faith belief that the removal was proper is insufficient to demonstrate that a district court abused its discretion in awarding fees under § 1447(c). *American Airlines,* 694 F.3d at 542 n.2, *citing Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000)("To be sure, the district court may award fees even if removal is made in subjective good faith.").

An award under 28 U.S.C. § 1447(c) is limited to those costs and fees "incurred as a result of removal." The Fifth Circuit has construed the statute as limiting the amount of the award to "fees and costs incurred in federal court that would not have been incurred had the case remained in state court." *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997). "By contrast, ordinary litigation expenses that would have been incurred had the action remained in state court are not recoverable because such expenses are not incurred as a result of the removal." *Id.*

**Applicable Law**

The Fifth Circuit uses the "lodestar" method to determine what constitutes a reasonable attorney's fee for an award of fees. The

lodestar is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate in the community for such legal services rendered by attorneys of comparable skill, experience, and reputation for the same type of work. *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *Alberti v. Klevenhagen*, 896 F.2d 927, 936, *vacated in part on other grounds*, 903 F.2d 352 (5th Cir. 1990)(vacating its own reversal of district court's enhancement of the hourly rate for case undesirability and affirming as reasonable that enhancement to attract qualified counsel); *Heidtman v. County of El Paso*, 171 F.3d 1039, 1043 (5th Cir. 1999). A reasonable hourly rate should be in accord with rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 895-96 n.11. "A reasonable hourly rate is determined with reference to the prevailing market rate in the relevant legal community for similar work. . . . While the hourly rate must be 'adequate to attract competent counsel,' the 'measure is not the rates which lions at the bar may command.'" *Coleman v. Houston Independent School District*, 202 F.3d 264 (5th Cir. 1999)(Table)(available on Westlaw), *citing Leroy v. City of Houston*, 906 F.2d 1068, 1079 (5th Cir. 1990). The relevant legal community is the one in which the district court sits, no matter how much of the work is done elsewhere. *Green v. Administrators of Tulane Educational Fund*, 284 F.3d 642, 662 (5th Cir. 2002), *abrogated on other grounds,*

*Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006). In addition to the community rate, the district court must also consider the attorneys' regular rates. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995). There is a strong presumption that the lodestar is a reasonable fee. *Walker v. Dept. of HUD*, 99 F.3d 761, 771 (5th Cir. 1996).

To establish the reasonableness of a requested rate, the fee applicant should produce satisfactory evidence beyond his own affidavit "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 896 n.11. Generally in the Fifth Circuit the determination of a reasonable hourly rate for attorneys in a particular community is established by affidavits of other attorneys of similar caliber practicing in that community. *Watkins v. Fordice,* 7 F.3d 453, 458 (5th Cir. 1993); *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). "The evidence to support an hourly rate entails more than an affidavit of the attorney performing the work but must also address the rates actually billed and paid in similar lawsuits." *Watkins v. Input/Output, Inc.*, 531 F. Supp. 2d 777, 784 (S.D. Tex. 2007). Thus a fee applicant may demonstrate the reasonableness of his requested fee by pointing out to the court other fee awards in the same district. *Wheeler v. Mental Health & Mental Retardation Auth. of Harris County*, 752 F.2d

1063, 1073 (5th Cir. 1985); *Richardson v. Tex-Tube Co.*, 843 F. Supp. 2d 699, 709 (S.D. Tex. 2012). The court may exercise its own expertise and judgment in making an independent valuation of appropriate attorney's fees. *Davis v. Bd. of Sch. Commissioners of Mobil County*, 526 F.2d 865, 868 (5th Cir. 1976).

Compensable hours, reasonably spent, are determined from the attorney's time records. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Usually courts require the applicant to provide contemporaneous time or billing records or other documentation which the district court must examine to discern which hours are compensable and which are not. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.), *cert denied*, 516 U.S. 862 (1995). Counsel must "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . ." *Id.* The fee applicant bears the burden of showing that the hours claimed were reasonably expended. *Hensley*, 461 U.S. at 437. *See also Saizan v. Delta Concrete Products Company*, 448 F.3d 795, 799 (5th Cir. 2006)("[P]laintiffs seeking attorney's fees are charged with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving they exercised billing judgment. Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant. The proper remedy for omitting evidence of billing judgment does not include a denial of fees, but rather a reduction

of the award by a percentage intended to substitute for the exercise of billing judgment. [footnotes omitted]"). *See also Louisiana Power*, 50 F.3d at 324-25 ("[T]he documentation must be sufficient for the court to verify that the applicant has met its burden. . . . [A] district court may reduce the number of hours awarded if the documentation is *vague* or *incomplete*. . . . Failing to provide contemporaneous billing statements does not preclude an award of fees per se as long as the evidence produced is adequate to determine reasonable hours."); *Saizan*, 488 F.3d at 799, 800 (billing judgment requires documentation of the hours charged and of the hours written off as duplicative, unproductive or excessive; finding that the district court did not commit clear error in finding a failure by the applicant to produce evidence of billing judgment nor abuse its discretion by imposing a ten percent reduction in the lodestar because of that failure).

Furthermore, "[i]f more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized. The time of two or three lawyers in a courtroom or conference when one would do may be obviously discounted." *Abrams,* 805 F.2d at 535. "[H]ours . . . spent in the passive role of an observer while other attorneys perform" are usually not billable. *Flowers v. Wiley*, 675 F.2d 704, 705 (5th Cir. 1982), *quoted in Coleman*, 202 F.3d at 264 (Table; available on Westlaw). "Litigants take their chances when

submitting fee applications" without adequate information for the court to determine the reasonableness of the hours expended or with vaguely described tasks such as "review pleadings," "correspondence," or documents. *Louisiana Power*, 50 F.3d at 327.

The hourly rate for attorneys should not be applied to clerical, secretarial or administrative work, since these are part of office overhead. *Reyes v. Spur Discount Store No. 4*, Civ. A. No. 07-2717, 2007 WL 2571905, *3 & nn.19-20 (E.D. La. Aug. 31, 2007); *Abrams*, 805 F.2d at 536 (court should consider whether the work performed was "'legal work in the strict sense,' or was merely clerical work that happened to be performed by a lawyer."), *quoting Johnson v. Georgia Highway Express*, 488 F.2d at 717. ""[Investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers, but which a lawyer may do because he has no other help available . . . may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it." *Id.* at 535.

Because Titan does not seek fees enhanced or reduced by any of the twelve *Johnson* factors,[2] the Court does not address them.

**Titan's Request for an Award of Fees and Costs (#16)**

The affidavit (#16) of Phillip B. Dye, Jr., a partner at

---

[2]*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds, Blanchard v. Bergeron*, 489 U.S. 87 (1989).

Vinson & Elkins and lead counsel for Titan, in support of Titan's request for fees and costs, states that he and junior associate Liane Noble seek a total award of $27,345.28: $26,512.50 for fees and $832.78 for costs. Mr. Dye represents that he has discounted his usual hourly rate (which he does not reveal) to $700 and worked on the removal/remand for 13.5 hours, for a total request of $9,450, while Ms. Noble has discounted her regular hourly rate (not identified) to $390 per hour and worked for 43.75 hours, for a total request of $26,512.50. Mr. Dye provides a biography for both (Exhibit A). He further represents that he "exercised [his] judgment to discount further the fees charged to [Titan], and billed the client what [he] believed contemporaneously to be reasonable charges for the work performed." Ex. F, copy of invoice to Titan for "fees for services performed by attorneys at Vinson & Elkins on this case through April 30, 2014, with redactions of information that would disclose the substance of attorney client communications and attorney thought processes and . . . for time billed that did not result from Wilder's removal of the action." #16 at p.7. He also submits a billing log, Ex. G, similarly redacted, for services through June 4, 2014.

### Wilder's Response (#17)

As noted in the Court's Opinion and Order (#14 at pp. 1-2), Wilder first filed a suit in federal court styled *William Wilder v. Titan Chemical Corp. BHD and Lotte Chemical Titan (M) Sendirian*

*Berhard f/k/a Titan Petchem (M) Sendirian Berhard ("Titan Petchem")*, Civ. A. No. H-13-1277, which, after the recusal of two judges, was re-assigned to the Honorable Kenneth M. Hoyt. It alleged breach of an employment contract entered into on July 10, 2008 by Wilder and Titan Petchem based on the purported failure of Titan Petchem to pay Wilder compensation owed to him. In the instant action, removed from state court to the undersigned judge's court, although arising out of the same employment contract, Titan Petchem seeks to enforce a Malaysian court default judgment obtained on December 6, 2013 against Wilder under the Texas version of the Uniform Foreign Country Money-Judgment Recognition Act for Wilder's failure to make a required tax equalization payment to Titan Petchem in 2010.[3]

### Wilder's Response (#17)

Wilder complains that more than $7,000 of Dye's requested attorney's fees in this case relate to work in Judge Hoyt's related case, which, Dye claims, forced Titan to expend legal services relating not only the removal in this case, but on issues of consolidation and timing of court decisions on the two courts' dockets before the instant case was remanded. The requested costs are for computer legal research and courier services.

Wilder objects to the requested $7,000 in fees that Titan

---

[3] Wilder claims that he was never served nor did he receive notice of that action before judgment issued in the Malaysian case.

purportedly incurred in Judge Hoyt's case, specifically (1) for Titan's own motion to hold in abeyance (#48 in H-13-1277) Wilder's motion to consolidate Judge Hoyt's action and this case (#45 in H-13-1277) until this Court resolved Titan's motion to remand and (2) for Titan's response in opposition (#51 in H-13-1277) to the motion to consolidate. He emphasizes that Titan has not cited any authority for an award of costs and fees incurred in a separate federal litigation nor shown that such an award would be just or reasonable. Further, Wilder notes that in its motion to remand, Titan only asked for "reasonable fees and costs incurred in filing this motion for remand." #5, p. 11.

Wilder also argues that under § 1447(c) Titan cannot recover costs or fees incurred in briefing related to the merits of the parties' disputes that are unrelated to the issues raised by removal and remand or consolidation. *De Jongh v. State Farm Lloyds*, No. 13-20174, 2014 WL 644564, at *3 (5th Cir. Feb. 20, 2014)(plaintiff cannot recover ordinary litigation expenses that would have been incurred had the action remained in state court); *Faust v. Menard, Inc.*, No. 2:11-CV-425 JM, 2014 WL 1259963, at *1 (N.D. Ind. Mar. 26, 2014)(disallowing time spent preparing response to motion to dismiss and researching Rule 11 sanctions, as not incurred in relation to removal). Specifically, in Judge Hoyt's case substantial time was spent on the merits of the parties' disputes and on enforcement of the Malaysian judgment on the

grounds that Wilder knew or should have known about the litigation, matters which are not necessary to the Court's remand decision and are duplicative of other filings. #17, Ex. A, Titan's Response at pp. 3-9 (approximately five pages of Titan's 17-page response dealt with what Wilder knew or should have known about the Malaysian case). Wilder accuses Titan of cutting and pasting this very briefing with a few minor adjustments into s substantive response to Wilder's motion to dismiss for non-recognition (Ex. B; #10 at pp. 4-8) and, following remand, Titan filed a revised, shortened version of it in state court (Ex. B, First Am. Notice of Filing & Mtn. for Recognition, pp. 3-5). Wilder further contends that the exhibits to Titan's response to Wilder's motion to consolidate relate to service of process in the Malaysian action and to recognition of the Malaysian judgment. Ex. A, Response to Mtn. to Consol., at Dye Decl. and Exs. 1-9. He claims that Dye filed the same documents in response to Wilder's motion to dismiss or for non-recognition and refiled an abbreviated version of Dye's Declaration in state court as an attachment to its state court First Amended Notice of Filing and Motion for Recognition of Foreign Country Judgment. Ex. B. These documents relate to the substantive merits of Titan's enforcement action, insists Wilder.

Wilder also claims that Titan submitted impermissible block billing and failed to segregate the fees attributable to work on the two actions. He also charges that Titan fails to show that it

exercised business judgment in its documentation, i.e., showing those hours charged and those hours written off as unproductive, excessive, or redundant. Instead Titan provided a single, generalized time figure per day, which included tasks related to both the consolidation dispute in Judge Hoyt's court and the remand dispute in this Court. Now Titan can no longer accurately identify how much of each day was attributable to each motion, as evidenced in Titan's charge for two hours for a 17-page response to the motion to consolidate, yet over 12 hours for a two-and-one-half-page motion for abeyance and a three-page reply in support of, and duplicative of, the original motion and the remand motion. Because of the block billing, Titan had to retroactively redact parts of some entries for which it seeks compensation--and Titan decided what degree of "adjustment" should be made for each entry without disclosing the basis for that determination. *See* Ex. F to Dye Affid., #16-6, p. 6 (redacting .25 hours from both a 1.5 hour charge on 4/28/14 and a 2-hour charge on f/30/14; Ex. G to Dye Affid. (#16-7) p. 2 (redacting .25 from a .5-hour charge on 5/07/14 and 1 hour from a 1.5-hour charge on 5/19/14. Thus it is not possible to determine how much of their time was duplicative or how much related to the underlying litigation rather than to the removal.

Wilder also objects that Titan's hourly rates are excessive for the Houston area. According to the State Bar of Texas,

Department of Research & Analysis, Excerpts from 2011 Hourly Fact Sheet, the median hourly rate for an attorney with more than twenty-five years of experience is $281, and for a one specializing in commercial litigator, $270. A junior attorney with three to six years of experience in the Houston area charges a median fee of $227. *Id.* For an attorney with three to six years of experience, such as Ms. Noble, the median hourly rate was $227.

### Titan's Response (#18)

Maintaining that Titan is entitled to fees and costs incurred as a result of removal even if they occurred in related litigation, Titan insists that in Judge Hoyt's case its briefing on remand, consolidation or abeyance discussed the underlying facts of the case to provide background or context and to refute factual allegations made by Wilder and it was required as a direct result of the improper removal. Wilder's challenge to the documents appended to Dye's Declaration and Titan's alleged failure to segregate fees in the two actions is not supported by any authority requiring such specificity. The Court ordered Titan to file an affidavit that complied with *Johnson v. Georgia Highway Express* and any relevant records, as it did.

As for Wilder's contention that Titan was charging excessive fees, Titan has provided information about the education, experience and background of the two attorneys working on the case, and the Court has the discretion under *Johnson* to decide whether

the rate requested is reasonable.

## Wilder's Reply (#19)

Wilder emphasizes that Titan has not disputed that Titan sought more than $7,000 in fees incurred in Judge Hoyt's action (including over twelve hours relating to Titan's motion to hold Wilder's motion to consolidate in abeyance), that Titan cannot cite any authority supporting its contention that fees and costs incurred in a separate litigation can be awarded under § 1447(c), that Titan failed to segregate the fees in the two actions or filings and issues raised in those filings, and that the hourly rates the two attorneys charge are excessive for the fees usually and customarily charge in the Houston area.

Titan does not try to nor could it successfully argue that Wilder's purported knowledge of the Malaysian litigation was relevant to any issue in the motion to remand or the motion to consolidate. The challenged briefing was relevant only to the question of the Malaysian judgment. So, too, do the nine exhibits to Dye's affidavit relate solely to the issue of due process, which Titan re-filed in response to Wilder's motion to dismiss or for non-recognition.

Titan's argument that the Court only ordered it to file an affidavit that complies with *Johnson v. Georgia Highway Express* ignores the fact that Titan previously never indicated it would seek fees incurred in a separate litigation and related to filings

other than the motion to remand.

## Court's Determination

As a threshold matter, after reviewing the records in the two related cases, this Court finds that most of the attorney's fees incurred in addressing the motion to hold in abeyance and in responding to the motion to consolidate in Judge Hoyt's case would not have been incurred had this case remained in state court.

While Mr. Dye states, "The fees and costs were reasonable for the services performed" and "are those customarily charged in the same or similar services by attorneys with our experience, reputation, and ability, considering the nature of the controversy, the time limits imposed, and the results obtained," he presents no evidence, no affidavits from other attorneys in the Houston areas, no awards in other cases, and cites no authority to support these conclusory claims.

Vinson & Elkins' Houston office website states that it has "more than 250 lawyer serving the corporate and civil law needs of [its] clients." With respect to Wilder's reliance on the 2011 hourly rates put out by the State Bar of Texas, this Court has instead reviewed the 2013 Hourly Fact Sheet of the State Bar of Texas, Department of Research & Analysis, which lists the median hourly rate in the Houston area for firms of 201-400 attorneys at $363. For a partner with more than 25 years of experience like Dye, and a specialty in jurisdictional issues, the Court finds that

it would be higher. Nevertheless, as noted, "[h]ourly rates are to be computed according to the prevailing market rates in the relevant legal market, not the rates that lions at the bar may command." *Hopwood v. State of Texas*, 236 F.3d 256, 281 (5th Cir. 2000). From its own experience practicing law and as a judge awarding fees, the Court finds a reasonable hourly fee for Mr. Dye to be $500 per hour.

The 2013 Hourly Fact Sheet of the State Bar of Texas, Department of Research & Analysis, which lists the median hourly rate for attorneys with three to six years of experience as $218 per hour. Ms. Noble was graduated for law school and admitted to practice in Texas in 2011. Given her excellent credentials and her practice at Vinson & Elkins since the fall of 2013, the Court finds that $275 per hour is a reasonable fee.

The Court agrees with Wilder that it is unclear what criteria Titan used in redacting some hours from its records for its fee request since it fails to explain its reasons. While the number of hours counsel claimed they work does not appear extreme or totally unreasonable, Titan's failure to meet its burden of justifying all requested fees leads the Court to reduce that number to 10 hours at $500 per hour for Mr. Dye ($5,000) and to 35 hours at $275 for Ms. Noble ($9,625) for a total of $14,625 as a fee award. No objections have been filed to Titan's request for $832.78 in costs, and the Court finds that amount to be reasonable and necessary for

legal services related to the remand.

Accordingly, for the reasons stated above, the Court

ORDERS that Wilder's motion for reconsideration is DENIED. The Court further

ORDERS that Titan shall recover as an award of fees and costs under § 1447(c) $14,625 in fees and $832.78 in costs.

**SIGNED** at Houston, Texas, this 12th day of December, 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE